IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Ishman Hunter

Plaintiff (Pro Se)

United States Courts
Southern District of Texas
FILED

MAR 1 0 2026

Nathan Ochsner, Clerk of Court

v.

Unknown Houston Police Officers 1–20, individually and in their official capacities;

City of Houston;

Houston Police Department

Defendants

Civil Action No. _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. §1983)

I. JURISDICTION

1. This action arises under the Constitution and laws of the United States including 42 U.S.C. §1983.

2. Jurisdiction is proper under 28 U.S.C. §1331 because the claims arise under federal law.

3. The events giving rise to this complaint occurred in Houston, Texas within the jurisdiction of this Court.

II. PARTIES

4. Plaintiff Ishman Hunter is a resident of Houston, Texas.

5. Defendants Unknown Houston Police Officers 1–20

were all relevant times law enforcement officers employed by the Houston Police Department acting under color of state law.

6. Defendant City of Houston is responsible for the policies, training, supervision, and conduct of its police officers.

## III. STATEMENT OF FACTS

7. On October 3, 2025, Plaintiff was driving along S. Post Oak Road in Houston, Texas.

8. Plaintiff stopped at a gas station to use the restroom and entered the store.

9. A police officer approached Plaintiff and instructed him to return to his vehicle claiming he had been stopped for speeding.

10. Plaintiff asked for a moment to use the restroom.

11. The officer grabbed Plaintiff's arm and threatened to accuse Plaintiff of evading arrest.

12. Plaintiff calmly requested to see the speed reading or evidence of speeding.

13. The officer grabbed Plaintiff again and released him.

14. Plaintiff requested a supervisor and the officer stated he was the supervisor.

15. When Plaintiff attempted to comply, the officer repeatedly stepped into his path blocking his movement.

16. The officer made what appeared to be a distress call over the radio.

17. A second officer arrived shortly afterward.

18. The first officer pushed Plaintiff into a rack of food creating the appearance that Plaintiff was resisting.

19. Plaintiff and officers fell to the ground.

20. While on the ground, an officer began choking Plaintiff while another restrained his arm.

21. Additional officers arrived and placed their full body weight on Plaintiff.

22. Plaintiff could not breathe.

23. An officer placed a taser onto Plaintiff's spine while several officers pulled his limbs.

24. Another officer repeatedly kneed Plaintiff in the kidney area.

25. Officers applied pressure to Plaintiff's neck while restraining his arms and legs.

26. Plaintiff repeatedly told officers he could not breathe.

27. Officers did not relieve pressure until Plaintiff began wheezing for air.

28. Officers lifted Plaintiff and moved him outside.

29. Plaintiff was placed in a hog-tie restraint device and lifted from the ground.

30. When Plaintiff's mother approached the scene officers dropped Plaintiff causing injury to his lower back.

31. Plaintiff was placed into a patrol car where the door struck him repeatedly while closing.

32. Officers searched Plaintiff's pockets and twisted his fingers and wrists inside the handcuffs.

IV. DETENTION AND JAIL CONDITIONS

33. Plaintiff was transported to a Houston Police Department detention facility.

34. Plaintiff was ordered to change into a jail uniform.

35. Plaintiff explained he believed he had been wrongfully arrested and declined.

36. Officers threatened to cut the clothes off him.

37. Officers restrained Plaintiff against the wall and cut off his necklaces and clothing.

38. Plaintiff's jeans and sweatpants were torn leaving him partially exposed in front of multiple officers including female officers.

39. Some officers laughed during the incident.

40. Plaintiff experienced severe breathing difficulty and rib pain.

41. Plaintiff repeatedly requested medical attention but was denied for many hours.

42. Plaintiff was eventually taken for X-rays shortly before release.

43. Plaintiff was also denied adequate food and water during much of his detention.

V. CLAIMS FOR RELIEF

COUNT I – Fourth Amendment Excessive Force

The Fourth Amendment protects individuals from unreasonable seizures and excessive force.

Defendants violated this right when they grabbed Plaintiff, pushed him into a rack, forced him to the ground, choked him, restricted his breathing, placed a taser against his spine, kneed him in the kidney area, and applied pressure to his neck while multiple officers piled onto him. Plaintiff was unarmed and not posing a threat.

COUNT II – Fourth Amendment False Arrest and Unlawful Detention

Plaintiff was detained based on an alleged speeding violation. Officers refused to provide evidence of the alleged offense and escalated the encounter into a physical confrontation. The arrest and detention therefore lacked probable cause.

COUNT III – Failure to Intervene

Multiple officers witnessed the use of excessive force but failed to intervene or prevent the harm.

Officers have a duty to prevent constitutional violations committed by fellow officers.

COUNT IV – Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment protects individuals from abuse of government power.

Officers violated Plaintiff's due process rights by denying

off his clothing while restrained, and depriving him of adequate food, water, and dignity while in custody.

COUNT V – Deliberate Indifference to Medical Needs

Plaintiff experienced severe rib pain and breathing difficulty. Despite repeated requests for help,

officers ignored his medical needs for many hours which constitutes deliberate indifference.

COUNT VI – Municipal Liability (Monell Claim)

The City of Houston is liable because the constitutional violations resulted from inadequate training,

supervision, and policies regarding use of force, restraint techniques, and detainee medical care.

COUNT VII – Official Oppression (Texas Penal Code 39.03)

A public servant commits official oppression when they intentionally subject a person to unlawful arrest

or mistreatment while acting under official authority. Defendants threatened unlawful arrest,

used excessive force, and denied Plaintiff his legal rights.

COUNT VIII – Abuse of Official Capacity

Defendants misused their authority as police officers to intimidate, harm, and humiliate Plaintiff.

This included fabricating resistance, using unnecessary force, and degrading Plaintiff during detention.

COUNT IX – Deprivation of Rights Under Color of Law (18 U.S.C. §242)

Federal law makes it illegal for government officials acting under color of law to willfully deprive

a person of constitutional rights. Defendants intentionally

through excessive force, unlawful detention, and denial of medical care.

## VI. DAMAGES

As a result of Defendants' conduct Plaintiff suffered physical injuries, breathing complications,

rib pain, emotional distress, humiliation, and violation of constitutional rights.

Plaintiff seeks compensatory damages, punitive damages, costs of suit, and any additional relief the Court

deems appropriate.

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Ishman Hunter

Plaintiff (Pro Se)

Signature: _Ish RO IV_____

Date: 3-10-2026_____

4927 Cotto Ridge trl
77053 Houston, Tx

CIVIL COVER SHEET (JS-44) – SIMPLIFIED TEMPLATE

Court: United States District Court for the Southern District of Texas – Houston Division

PLAINTIFF: Ishman Hunter

DEFENDANTS: Unknown Houston Police Officers 1–20; City of Houston; Houston Police Department

County of Residence of First Listed Plaintiff: Harris County, Texas

County of Residence of First Listed Defendant: Harris County, Texas

Basis of Jurisdiction: Federal Question (U.S. Government Not a Party)

Cause of Action: 42 U.S.C. §1983 – Civil Rights Violation (Excessive Force / Unlawful Arrest)

Nature of Suit: 440 Civil Rights – Other

Requested in Complaint:

- Jury Trial: YES

- Compensatory Damages

- Punitive Damages

Signature: _Ishman Hunter W_

Date: 3-10-2026